UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| KENNETH JASON FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 4:15-CV-63-HSM-CHS |
| v. ) | |
| ) | |
| TONY BEAN and GRUNDY COUNTY ) | |
| SHERIFF'S DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 [Doc. 1] that was transferred from the United States District Court for the Middle District of Tennessee, which granted Plaintiff leave to proceed *in forma pauperis* and assessed Plaintiff with the filing fee [Doc. 3]. For the reasons set forth below, Defendant Grundy County Sheriff's Department will be **DISMISSED** and this action will proceed only as to Plaintiff's claim that Defendant Bean hit him with a Maglite flashlight. Plaintiff has also filed a motion for ruling [Doc. 5], that will be **GRANTED** to the extent that this order is being entered.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial

review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

In his complaint, Plaintiff states that he was in a high speed chase and that, when the chase ended, he was held at gun point and that Defendant Bean got into the truck, hit him with a Maglite flashlight, and asked him how the steering wheel felt [Doc. 1 p. 5]. Plaintiff also states that he was then taken to various hospitals for medical care, but was never placed under arrest until after he was released from Vanderbilt Hospital [*Id*.]. Plaintiff has sued Defendant Bean and the Grundy County Sheriff's Department [*Id.* at 2].

Grundy County Sheriff's Department, however, is not a suable entity under § 1983. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 688–90 and n.55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *see*, *e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983). Accordingly, Grundy County Sheriff's Office is **DISMISSED**.

Even liberally construing the complaint in favor of Plaintiff, the only allegation of the complaint that appears to state a claim as to Defendant Bean is Plaintiff's allegation Defendant Bean hit him with a Maglite flashlight. Accordingly, this is the only claim that will proceed in this matter.

Because Plaintiff is an inmate in the Warren County jail, he is herewith **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

3

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Warren County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

The Clerk is also hereby **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Bean. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of receipt of this Memorandum and Order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to timely return the completed service packet could jeopardize his prosecution of this action.

Defendant Bean shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Bean fails to timely respond to the complaint, judgment by default may be entered against him.

Plaintiff is **ORDERED** to immediately inform the Court and Defendant or its counsel of record of any address changes in writing. Failure to provide a correct address to this Court within fourteen (14) days following any change of address may result in the dismissal of this action.

**IT IS SO ORDERED**.

**E N T E R :**

                                           */s/ Harry S. Mattice, Jr.*
                                           HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE